**CENTAURI SHIPPING LTD.,**
**Plaintiff–Appellant,**

v.

**WESTERN BULK CARRIERS KS, Western Bulk AS, Western Bulk Carriers AS, Defendants–Appellees.**

**No. 07–4193–cv.**

United States Court of Appeals, Second Circuit.

April 20, 2009.

Kirk M. Lyons (Jon Werner, on the brief), Lyons & Flood LLP, New York, NY, for Appellant.

Patrick F. Lennon, Lennon, Murphy & Lennon, LLC, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Centauri Shipping Ltd. appeals from the September 12, 2007 judgment of the United States District Court for the Southern District of New York (Sullivan, J.) vacating the attachment of appellee Western Bulk Carriers KS's property. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The only issue presented by this appeal is whether Western Bulk Carrier KS's registration to conduct business in New York pursuant to New York Business Corporation Law § 1304 is sufficient for that corporation to be "found within the district" under Rule B(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, thereby defeating attachment of the corporation's property. This Court recently decided the issue in the affirmative. *See STX Panocean (UK) Co. v. Glory Wealth Shipping PTE Ltd.*, 560 F.3d 127, 133 (2d Cir.2009) (per curiam).

When ordered to submit additional briefing on the question of whether and how *STX* affected its appeal, Centauri failed to distinguish its case from *STX*, and instead urged us to reconsider the holding of *STX*. We are bound by *STX* unless and until its rationale is overruled by the Supreme Court or by this court *en banc*. *See State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 86 (2d Cir.2007).

We have reviewed appellant's remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former